## PYRAMID MOVING CO. v. UNITED STATES et al.

### Civil Action No. 22012.

District Court, N. D. Ohio, E. D.

Nov. 12, 1943.

Herbert W. Kiser, of Cleveland, Ohio, Herbert Baker, of Columbus, Ohio, and Joseph W. Kennedy, of Cleveland, Ohio, for plaintiff.

Don Miller, U. S. Atty., of Cleveland, Ohio, for the United States.

Allen Crenshaw and Daniel W. Knowlton, both of Washington, D. C., for the Interstate Commerce Commission.

Before ALLEN, Circuit Judge, and WILKIN and FREED, District Judges.

PER CURIAM.

It is the judgment of this court that the order of the Commission should not be set aside or modified; its findings of fact are supported by substantial evidence and are binding upon this court. If the Commission had granted the application in whole, it would not have been within the power of this court to reverse the order. So, since the Commission has granted the application in part and has denied it in part, the court is without power to change the Commission's order. As was said by the Supreme Court in the case of Alton R. Co. v. United States, 315 U.S. 15, at page 23, 62 S.Ct. 432, at page 437, 86 L.Ed. 586: "That judgment is for the administrative experts not the courts." And as was said by the Supreme Court in United States v. Carolina Freight Carriers Corp., 315 U.S. 475, at page 480, 62 S.Ct. 722, at page 726, 86 L.Ed. 971: "The precise delineation of the area or the specification of localities which may be serviced has been entrusted by the Congress to the Commission. * * The Act provides the test of 'bona fide operation'. That standard carries the connotation of substantiality. It also makes clear that a holding out to serve a specified area is not alone sufficient. It is 'actual rather than potential or simulated service' which is required."

Facts vary with cases, and the Commission may properly reach varying conclusions therefrom, and it may, within the exercise of the powers entrusted to it, vary its standards and principles of judgment. Judgment for defendants.

Findings of fact and conclusions of law may be prepared in accordance with the rule.

Temporary restraining order dissolved, except that any delivery now under way may be completed.